THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: CR04-5350 RBL |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE |
| vs. | |
| TITUS BRIDE, | |
| Defendant. | |

Pending before the Court is Defendant Bride's Motion to Reduce Sentence (Dkt. #594; 606).

I. **ISSUE**

A court may reduce a sentence that is based on guidelines that are later lowered. 18 U.S.C. § 3582(c)(2). Mr. Bride argues that his Rule 11(c)(1)(C) plea agreement was based on the now lowered crack-cocaine guidelines, thus the Court can reduce his sentence. The Government, in response, argues that Rule 11(c)(1)(C) sentences are not based on the guidelines, rather, these sentences are based on the plea agreements themselves. The question presented is: Can a court, under § 3582(c)(2), reduce a sentence given pursuant to an 11(c)(1)(C) plea agreement?

II. **BACKGROUND**

On September 9, 2005, Mr. Bride pled guilty, following an 11(c)(1)(C) plea agreement, to conspiracy to distribute, possession with intent to distribute, and the distribution of cocaine

base, as well as distribution of cocaine, being a felon in possession of a firearm, and being a felon in possession of ammunition. (Dkt. #370). The agreement stipulated a quantity of drugs that resulted in a base level of 38. *Id.* This Court accepted the plea agreement (Dkt. #382) and sentenced Mr. Bride to 19 years. (Dkt. #486).

In the fall of 2007, the U.S. Sentencing Guidelines Commission effectively made a two-level reduction in the crack-cocaine base level. *See* U.S.S.G. 2D1.10. Mr. Bride then filed motions to reduce his sentence on May 1 and June 20, 2008. (Dkt. #596, *pro se*; Dkt. #606, with counsel).

### III.   DISCUSSION

A court may reduce the term of imprisonment of a defendant that is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). This reduction is performed by simply substituting the new guideline range for the old while other considerations remain untouched. U.S.S.G. 1B1.10(b)(1).

Mr. Bride argues that his sentence warrants reduction because "there is a nexus between the sentencing guidelines range and the actual sentence." (Def.'s Mot. to Reduce Sentence, 5) (Dkt. #606). Essentially, Mr. Bride contends that the guidelines were the departure point for plea negotiations, and thus the end result—19 years in this case—is based on the guidelines.

The Government argues for a narrower reading of the words "based on." Under their view, sentences derived from plea agreements are not based on the guidelines. Rather, these sentences are the result of the agreement between the parties. (Pl.'s Resp., 2).

A. <u>Sentences following Rule 11(c)(1)(C) plea agreements are not based on the guidelines.</u>

The Government is correct: Mr. Bride's sentence is not based on the guidelines and, therefore, this Court cannot reduce Mr. Bride's sentence under § 3582(c)(2).

In support of his motion, Mr. Bride argues that the plain language of his plea agreement demonstrates that his sentence is based on the guidelines. The agreement reads: "The parties agree that [19 years] would be appropriate in this case, both under the Sentencing Guidelines and pursuant to the other factors listed in 18 U.S.C. § 3553(a)." (Plea Agreement, 10) (Dkt. #370).

The Government does not appear to contest, rightly in the Court's opinion, that there is a nexus between the guidelines and the plea. The guidelines define the prosecutor's bargaining chip—the length of time a defendant faces—and therefore the guidelines loom to some degree over all plea agreements. However, once the parties present a plea, the agreed-to sentence may reflect many factors, and a subsequent sentence is necessarily based on the agreement, not the guidelines.

The caselaw supports this conclusion. The Ninth Circuit has stated that "A sentence imposed under a Rule 11(c)(1)(C) plea arises directly from the agreement itself, not from the Guidelines . . . ." *U.S. v. Pacheco-Navarette*, 432 F.3d 967, 971 (9th Cir. 2005), *quoting United States v. Silva*, 413 F.3d 1283, 1284 (10th Cir. 2005). Though *Pacheco-Navarette* addressed the validity of appeal waivers, the implication is the same—sentences following Rule 11(c)(1)(C) agreements are not based on the guidelines.

The Court's conclusion is supported by decisions in other Circuits. *See U.S. v. Peveler*, 359 F.3d 369, 379 (6th Cir. 2004) (absent an agreement between the parties, the plain language of Rule 11(c)(1)(C) generally precludes alteration of the plea agreement under § 3582(c))[1]; *U.S. v. Trujeque*, 100 F.3d 869, 869 (10th Cir. 1996) (sentences following 11(c)(1)(C) pleas are not guidelines based).

Mr. Bride attempts to distinguish his case from *Trujeque* by arguing that "the parties [in *Trujeque*] simply agreed to a sentence, with no reference to the guidelines." (Def.'s Mot. to Reduce, 6). Mr. Bride's plea agreement, on the contrary, expressly references the guidelines. This is a distinction without a difference. The guidelines play the same role in Mr. Bride's case as in *Trujeque*. A sentence is not based on the guidelines simply because a plea agreement makes reference to them.

---

[1] To avoid the conclusion that 11(c)(1)(C)'s are not subject to §3582(c)(2) reductions, Mr. Bride relies on a footnote in *Peveler*. The footnote states, "This conclusion should not be construed as a blanket bar to all such motions for relief." *Peveler*, 359, F.3d at 379, n. 3. Mr. Bride's reliance is wrongly placed. The *Peveler* court meant that despite § 3582's inability to modify a plea agreement, such pleas could be modified using other avenues—Rule 35(b) and correction of a mutual mistake are offered as examples. *Id.*

The only caselaw Mr. Bride cites in his favor is *U.S. v. Melendez-Perez*, 467 F.Supp.2d 169 (D.P.R. 2006), where the district court reduced a sentence based on 11(e)(1)(C), now 11(c)(1)(C). The district court in *Melendez-Perez*, however, noted that it had no discretion to reduce an 11(e)(1)(C) sentence under § 3582, but reduced the sentence because it had been unaware of amendments to the guidelines at the time of sentencing. *Id*. at 376. The reduction in that case was thus the result of mistake, not retroactive amendments.

In sum, a sentence following an 11(c)(1)(C) plea agreement is not based on the guidelines; it is based on the agreement. If any doubt remains, the facts in this case support the conclusion that Mr. Bride's sentence was not based on the guidelines—his 228 month sentence is 11 years shorter than the low end of the guidelines. (Def.'s Mot. to Reduce, 3) (Government Sentencing Memorandum placed Mr. Bride's total offense level at 41, with a range of 360 months to life).

B. <u>No evidentiary hearing is necessary.</u>

Mr. Bride requests an evidentiary hearing. (Def.'s Mot. to Reduce Sentence, 12). Because the Court has determined that it cannot grant Mr. Bride a reduction, no evidentiary hearing is necessary.

### III. CONCLUSION

Because a Rule 11(c)(1)(C) plea agreement is not based on the sentencing guidelines, the Court cannot reduce Mr. Bride's sentence under §3582(c)(2). Defendant's Motion to Reduce Sentence pursuant to §3582(c)(2) is **DENIED**.

Dated this 14th day of July, 2008

*/s/ Ronald B. Leighton*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE